WEBSTER ET AL., APPELLANTS, *v.* INTERNATIONAL HARVESTER CREDIT CORPORATION, APPELLEE.

[Cite as Webster v. Credit Corp. (1977), 51 Ohio App. 2d 192.]

(No. C-76340—Decided May 18, 1977.)

*Messrs. Shane & Rebel,* for appellants.
*Messrs. Steer, Strauss, White & Tobias,* for appellee.

CASTLE, J. This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County; the transcript of the proceedings; and the briefs and arguments of counsel.

This is an action brought by the appellants pursuant to the Ohio Retail Installment Sales Act, R. C. Chapter 1317. The parties filed cross-motions for summary judgment in the court below. The motion of plaintiffs was dismissed and the defendant's motion was granted. Plaintiffs have timely lodged their appeal in this court.

There is no dispute between the parties as to the substantial and material facts in the case, which are as follows. The plaintiffs contracted to buy and did purchase an International Harvester tandem tractor for a cash sale price of $24,000. The contract was assigned by the seller to International Harvester Credit Corporation. A $5,000 down payment was made by the buyers and, after the computation of finance charges and service charges as provided for in R. C. 1317.06, the installment contract obligat-

ed the payment of the "time balance" of $22,704.84 through thirty-six monthly installment payments of $630.69, each commencing on November 24, 1972, and payable on the 24th day of each succeeding month. The buyers made seventeen consecutive monthly payments and then on April 10, 1974, paid the balance of the obligation due and owing. The periodical time balance as of that date was $11,983.11. Upon prepayment, the plaintiffs received a credit of $951.24 on the periodical time balance then due. However, plaintiffs contend that they were entitled to a credit of $1,054.06. The defendant computed the credit due from the periodical time balance as of April 24, 1974. Plaintiffs, on the contrary, are of the opinion that the computation should have been as of March 24, 1974. The plaintiffs argued in the lower court that they were entitled to recover the sum of $26,753.60 and also retain the tractor for which this sum was paid. We therefore come to an interpretation of the Ohio Retail Installment Sales Act and, specifically, R. C. 1317.06 and 1317.09.

Appellants assign three errors as follows.

### Assignment of Error No. 1

"The trial court erred to the prejudice of plaintiffs-appellants in overruling plaintiffs motion for summary judgment."

### Assignment of Error No. 2

"The trial court erred to the prejudice of plaintiffs-appellants in sustaining defendant-appellee's motion for summary judgment."

### Assignment of Error No. 3

"The trial court erred to the prejudice of plaintiffs-appellants in its construction of O. R. C. 1317.09 by not applying the rules of construction prescribed by the Ohio Revised Code."

As we have previously heretofore observed, this case presents an interpretation of the Ohio Retail Installment Sales Act and the three assignments of error urged by appellants are so intertwined as to facilitate their consideration as one issue.

We will first address ourselves to the two sections of the Act which we believe to be controlling in this case.

R. C. 1317.06, titled "Finance charge; rates; service charge; contract for payment of delinquent charges," provides, in part, as follows:

"(A) A retail seller at the time of making any retail installment sale may charge and contract for the payment of a finance charge by the retail buyer and collect and receive the same, which shall not exceed the rates as follows:

"(1) A base finance charge at the rate of eight dollars per one hundred dollars per year on the principal balance of the retail installment contract. * * *

"(2) In addition to the base finance charge, the retail seller may charge and contract for a service charge of fifty cents per month * * *."

In the instant case, the total finance charge was $3,704.84. The periodical time balance at the inception of the contract was $22,704.84. This periodical time balance was of course reduced monthly as the installments were paid.

We think it appropriate in construing the Ohio Retail Installment Sales Act to refer to R. C. 1.42, which reads as follows:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed, accordingly."

R. C. 1.47 reads, in part, as follows:

"In enacting a statute it is presumed that: * * *

"(B) the entire statute is intended to be effective;

"(C) A just and reasonable result is intended * * *."

Referring then to R. C. 1317.09, titled "payment in full before maturity; refund credit," where the phrase "total finance charge" is used we must look to the provisions of R. C. 1317.06, which provides for the components of that phrase—i. e., finance charge and service charge. In the instant situation, the buyer did satisfy his debt before maturity and, therefore, by the terms of the statute, he was entitled to receive a refund credit thereon. The statute provides in part:

"The amount of such refund shall represent at least

as great a proportion of *the total finance charge,* less an acquisition cost of ten dollars, *as the sum of the periodical time balances, after the date of prepayment, bears to the sum of all of the periodical time balances under the schedule of payments in the original contract.*" (Emphasis added.)

We come then to a determination of what is meant by these words. What is the amount which will represent at least as great a proportion of the total finance charge as the sum of the periodical time balances after the date of prepayment bears to the sum of all the periodical time balances? Again we must look to the language of R. C. 1317.06, which states:

"Such base finance charge and service charges may be computed on a basis of a full month for any fractional period in excess of ten days. For a fractional period of a month not in excess of ten days, there shall be no base finance charge or service charge."

In that R. C. 1317.06 provides the formula whereby we arrive at the periodical time balance, it is our view that in construing the provisions of R. C. 1317.09 we must apply the provisions of R. C. 1317.06. In other words, we are reconciling the provisions of these two sections so that when we consider the periodical time balance due in terms of prepayment, we look to the provisions of R. C. 1317.06 for guidance. When we do this, we find that where the fractional period of a month exceeds 10 days from the last payment date, the finance charge and service charge will be computed as of the next payment date. On the other hand, where the fractional period of the month is not in excess of ten days, there shall be no finance charge or service charge computed in the periodical time balance due. We are of the opinion that these two sections and the act in its totality must be considered in *pari materia.*

As is said in 50 Ohio Jurisprudence 2d 190, Statutes, Section 216:

"* * * [I]t is the rule that statutes relating to the same or similar subject matter or subject of law should, where a case calling for the application of both is presented, be read together as if they were a single statute and both

should be reconciled, harmonized and made to apply and given meaning and effect so as to render their contents operative and valid if that is reasonably possible."

To construe the language of the act otherwise would, in our opinion, create an illogical and strained construction because it is evident from the phrase "after the date of prepayment," in R. C. 1317.09, that it is intended that some date subsequent thereto be the date on which the periodical time balance, less refund, is calculated. Without other guidance in that particular section, it is therefore logical and reasonable that the provision for service charge and finance charge computation, as set forth in R. C. 1317.06, be considered.

The three Ohio cases cited by the parties, *Johnson* v. *Commerce Motors, Inc.* (1958), 106 Ohio App. 376, *Teegardin* v. *Foley* (1957), 166 Ohio St. 449, and *In re Sloan* (1968), 15 Ohio Misc. 370 are all distinguishable on the facts. Specifically, the Supreme Court in *Teegardin, supra,* simply upheld the constitutionality of a portion of the act, while the decision in *Sloan* is not only distinguishable on the facts but is neither persuasive nor binding on this court.

In terms of logic and justice, it seems to us that our interpretation of the act and the specific sections involved do not penalize a buyer who may prepay anytime before ten days after his last installment payment or may alternatively wait until the next installment payment and prepay the balance due. To construe the statutes conversely would be to permit the buyer to benefit by the free use of the seller's money. In other words, the buyer would have an interest free loan up to one day prior to the next installment date. We do not believe that this was intended and a logical interpretation and construction of the statute does not achieve such a result.

For all of the foregoing reasons, the assignments of error which have been considered together are all found to be without merit and therefore overruled.

*Judgment affirmed.*

PALMER, P. J., and BLACK, J., concur.